```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
TYRANA JONES, on behalf of herself and         :
all others similarly situated,                 :       REPORT AND RECOMMENDATION
                                               :
                          Plaintiff,           :       19-CV-1493 (ENV)(PK)
                                               :
              -against-                        :
                                               :
NEW PENN FINANCIAL, LLC, d/b/a                 :
SHELLPOINT MORTGAGE SERVICING,                 :
                                               :
                          Defendant.           :
------------------------------------------------------------- x
```

**Peggy Kuo, United States Magistrate Judge:**

Tyrana Jones ("Plaintiff") brought this action against New Penn Financial, LLC, d/b/a Shellpoint Mortgage Servicing ("Defendant") on behalf of herself and a class of similarly situated individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and/or to strike the class claims. (The "Motion", Dkt. 12.) The Honorable Eric N. Vitaliano referred the Motion to the undersigned for a report and recommendation. For the reasons stated herein, the undersigned respectfully recommends that the Motion be granted, and the Complaint be dismissed with prejudice.

## BACKGROUND

### I.   Factual Background

The following facts are taken from the Complaint ("Compl.") and the exhibits attached to it (Dkt. 1.) Exhibit 1 is a mortgage statement dated January 18, 2019 ("Mortgage Statement," Dkt. 1 at 9-11), Exhibit 2 is an adjustable rate note of the same date ("Note," Dkt. 1 at 12-18), Exhibit 3 is a mortgage dated June 27, 2006 ("Mortgage," Dkt. 1 at 19-51), and Exhibit 4 is a payoff letter dated February 14, 2019 ("Payoff Letter," Dkt. 1 at 52-58) (collectively, the "Exhibits").

1

Plaintiff alleges that on June 27, 2006, she signed the Mortgage for the property at 172 Madison Street, Brooklyn, NY, and the Note with an initial principal of $623,000.00. (Dkt. 1 at 13, 17, 22, 39.) Pursuant to the Note, the principal balance of the loan "will never exceed" 110% of the original principal, or $685,300.00. (Compl. ¶ 19; Dkt. 1 at 13). The Mortgage describes the building as a "3 Family" dwelling (Dkt. 1 at 20) and contains a "1-4 Family Rider" that waives limitations in the Mortgage on renting the property. (Dkt. 1 at 40.) The Mortgage also contains a prior notice provision, requiring Plaintiff or the "Lender" to give notice prior to bringing any suit under the Mortgage and an opportunity to cure. (Dkt. 1 at 35.)

Plaintiff made payments on "the loan for approximately one year." (Compl. ¶ 16.)

On or about February 1, 2019, Defendant mailed Plaintiff the Mortgage Statement, which recites an outstanding principal balance of $692,239.89. (Dkt. 1 at 10; Compl. ¶ 17.) Plaintiff alleges that the Mortgage Statement misstates the principal amount, interest, taxes, fees, and costs. (Compl. ¶ 19.)

On or about February 14, 2019, Defendant mailed Plaintiff the Payoff Letter, listing the principal balance as $692,239.89, the interest calculated to February 28, 2019 as $355,025.06, and fees of $7,821.80. (Dkt. 1 at 53-55.) Plaintiff alleges that the Payoff Letter "misstates the principal balance, the interest, fees, and the total payoff amount," as well as the payment date and interest rate. (Compl. ¶¶ 32, 35-36.)

II.     **Procedural Background**

Plaintiff filed the Complaint on March 15, 2019. On July 1, 2019, the parties filed their fully briefed papers, including Defendant's Motion (Dkt. 12), Plaintiff's Opposition (Dkt. 13), and Defendant's Reply (Dkt. 14). Defendant argues in the Motion that the Complaint is insufficient to state a claim and that the Court should strike the class claim. Defendant attached several documents

2

to its Motion: a declaration of Erica Goldman, an attorney representing Defendant ("Goldman Decl.," Dkt. 12-1), a federal bankruptcy petition filed by Plaintiff ("Bankruptcy Petition," Dkt. 12-2), a Decision and Order of the New York Supreme Court, Kings County ("NY State Court Decision," Dkt. 12-3), a Sample Form of Periodic Statement ("Sample Form," Dkt. 12-4), a declaration of Jean Knowles, a representative of Defendant ("Knowles Decl.," Dkt. 12-5), a loan modification agreement ("Loan Modification Document," Dkt. 12-6), and notes made by Defendant of calls from Plaintiff on February 11, 12 and 14, 2019 ("Servicing Notes," Dkt. 12-7).

Plaintiff attached to the Opposition a copy of a settlement agreement by the Defendant in an unrelated case (Dkt. 13-1), a highlighted version of the Mortgage Statement (Dkt. 13-2), a copy of what she describes as the "purported loan modification agreement" (Dkt. 13-3), and her own declaration dated June 17, 2019 (Dkt. 13-4).

Oral argument was held on September 9, 2020.

## LEGAL STANDARD AND DISCUSSION

### I. Rule 12(b)(6) Motion to Dismiss

#### A. Standard of Review

To survive a Rule 12(b)(6) motion, Plaintiff's allegations must be supported by "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts "all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Hayles v. Aspen Properties Grp., LLC*, 782 F. App'x 3, 5 (2d Cir. 2019). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "A complaint is properly dismissed where, as a matter of law, 'the allegations in a complaint, however true, could not raise a claim of entitlement to relief.'" *Hayles*, 782 F. App'x. at 5 (quoting *Twombly*, 550 U.S. at 558).

3

B.      **Consideration of Material Outside the Complaint**

Courts generally "do not consider matters outside the pleadings" when evaluating a motion to dismiss under Rule 12(b)(6). *See Fillmore E. BS Fin. Subsidiary LLC v. Capmark Bank*, 552 F. App'x 13, 15 (2d Cir. 2014) (internal quotations omitted). However, "[a] complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are integral to the complaint." *Cohen v. Rosicki, Rosicki & Assocs.*, P.C., 897 F.3d 75, 80 (2d Cir. 2018); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). Courts may also consider "matters of which judicial notice may be taken." *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014).

Because the Mortgage Statement, Note, Mortgage, and Payoff Letter are attached to the Complaint, these documents may properly be considered in evaluating the Motion. *See id.*

Defendant and Plaintiff both attempt to refute or support the allegations in the Complaint with new factual allegations or evidence attached to the Motion and Plaintiff's opposition. (*See* Dkt. 12-1, 12-4, 12-5, 12-6, 12-7, 13-2, 13-3, 13-4.) Neither party requested that the Motion be converted into a motion for summary judgment pursuant to Fed. R. Civ. P. 56. To the extent these documents include facts not alleged in the Complaint or its exhibits, they are not appropriate for consideration on a motion to dismiss. *See Fillmore*, 552 F. App'x. at 15.

Defendant contends that the Court may "consider Shellpoint's servicing notes showing the true context of how the payoff quote was provided on this motion to dismiss." ("Def. Memo", Dkt. 12-8 at 9, citing *Chambers*, 282 F.3d at 154; *see also* Dkt. 12-5, 12-7.) However, *Chambers* limits consideration of extrinsic evidence to documents "integral" to a complaint and which a plaintiff relied upon when drafting the complaint. 282 F.3d at 153. The allegations in the Complaint contain no suggestion that Plaintiff relied on Defendant's business records, or that she possessed or even knew about them. Therefore, Defendant's Servicing Notes are not "integral" to the Complaint.

4

*Compare id.* Similarly, the Complaint does not incorporate, by reference or otherwise, the Loan Modification Document, and that document is also not "integral" to the Complaint.[1] *Cf. Cohen*, 897 F.3d at 80.

Defendant argues that the Court should take judicial notice of the Bankruptcy Petition and NY State Court Decision. The Court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Thus, any judicial notice of the Bankruptcy Petition would be limited to acknowledging that the amount Plaintiff owes Defendant has been the subject of other federal proceedings. Such notice would not extend to the accuracy of any amounts stated in the Bankruptcy Petition.

The NY State Court Decision likewise did not hold that the Plaintiff's debt was in fact the amount stated in the Payoff Letter. (Dkt. 12-3 at 2-3.) Rather, it limits itself to the issue of whether the Bankruptcy Petition constituted an acknowledgment of debt sufficient to restart the statute of limitations under N.Y. Gen. Oblig. Law § 17-101. Even giving this decision "the same full faith and credit" as proceedings in federal court, *see* 28 U.S.C. § 1738, the NY State Court Decision does not establish the truth of the debt amount. The undersigned therefore declines to take judicial notice of the amount owed by Plaintiff based on these documents.

Plaintiff's Opposition also attempts to assert additional facts not alleged in the Complaint and rely on documents that are not properly before the Court at the motion to dismiss stage. (*See* Opposition at 2, 4). This is improper and the undersigned declines to consider those additional facts.

---

[1] Plaintiff contests the authenticity and enforceability of what she refers to as the "purported loan modification agreement." (Dkt. 13 at 5-6).

Therefore, in evaluating the Motion, only the Complaint and the Exhibits attached to it are considered.

## II.     Fair Debt Collection Practices Act

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Because the FDCPA is "remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated." *Vincent v. The Money Store*, 736 F.3d 88, 98 (2d Cir. 2013) (internal quotations and citation omitted).

To state a claim under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, [] (2) the defendant collecting the debt [must be] considered a 'debt collector,' and (3) the defendant [must have] engaged in an[] act or omission in violation of FDCPA requirements." *Rivelli v. Pa. Higher Educ. Assistance Agency*, No. 18-CV-3322 (ADS)(GRB), 2019 WL 1473091, at *2 (E.D.N.Y. Apr. 3, 2019) (quoting *Schuh v. Druckman & Sinel, L.L.P.*, 751 F. Supp. 2d 542, 548 (S.D.N.Y. 2010) (internal citations omitted)).

### A.     Whether Plaintiff Is a "Consumer" Who Allegedly Owes a "Debt"

The FDCPA defines a "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3). A "debt" is an "obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." *Id.* § 1692a(5).

In evaluating whether an obligation qualifies as a "debt," courts inquire into "the purpose for which [the obligation] was incurred." *Cohen*, 897 F.3d at 82-83. Consistent with the plain language

6

of the FDCPA, payment obligations incurred for "personal, family, or household purposes" are "debts" under the statute. *Id.* at 83. By contrast, "[t]he FDCPA does not cover actions arising out of commercial debts." *Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff*, 638 F. App'x 100, 102 (2d Cir. 2016) (internal quotations omitted). To survive a motion to dismiss, a plaintiff must plead sufficient factual allegations "to support the inference that the amount in dispute arose from a consumer transaction." *See id.* at 103; *see also Maleh v. United Collection Bureau, Inc.*, 287 F. Supp. 3d 265, 271 ("Numerous courts have concluded that plaintiffs who recite the statutory definition of "debt" rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim") (collecting cases).

Mortgage notes for personal residences can constitute a "debt" under the FDCPA. *Cohen*, 897 F.3d at 82-83 (finding that a mortgage note financing the purchase of a personal residence qualified as a "debt"). By contrast, mortgage notes for investment or rental properties do not constitute "debt" under the FDCPA. *See, e.g., Aniel v. Aurora Loan Servs. LLC*, 550 F. App'x 416, 418 (9th Cir. 2013).

Plaintiff signed the Mortgage and Note, initially indebting her to the lender Mortgageit, Inc. (Dkt. 1 at 39; Dkt. 1 at 17.)[2] The Complaint alleges that Defendant attempted to collect on Plaintiff's loan, which she characterized as "an alleged consumer debt secured by Plaintiff's home." (Compl. ¶ 14.) Plaintiff also pleads that "the loan in question is a home loan as defined by N.Y. Real Prop. Acts. Law § 1304(a)."[3] (*Id.* ¶ 15.) That statute defines a "home loan" as a loan "incurred by the borrower for personal, family, or household purposes" for a property "used or occupied, or intended to be used or occupied wholly or partly, as the home or residence of one or more persons

---

[2] The Mortgage was later assigned to Countrywide Home Loans, Inc., which then indorsed the Note in blank. (Dkt. 1 at 17.)

[3] Plaintiff likely refers to N.Y. RPAPL § 1304(6)(a).

7

and which is or will be occupied by the borrower as the borrower's principal dwelling." N.Y. RPAPL § 1304(6)(a).

Defendant argues that the Mortgage does not constitute a "debt" covered by the FDCPA because the house was used as rental property rather than as Plaintiff's residence. It contends that Plaintiff's reference to the definition of "home loan" in RPAPL § 1304 "is a legal conclusion insufficient to state a claim" and suggests that there is no other factual allegation sufficient to establish that the Note is a "debt" under the FDCPA. (Def. Memo at 5.)

Accepting "all factual allegations in the complaint as true and drawing all reasonable inferences in favor of the plaintiff," *see Hayles*, 782 F. App' x at 5, Plaintiff has sufficiently pleaded that the obligation she signed qualifies as a "debt" under the FDCPA. The Complaint alleges that the property securing the Mortgage is her home. (Compl. ¶ 14.) Although the Mortgage contains language that suggests the property *could* be used as a rental or investment property, Defendant's contention that the debt was for commercial use is a question of fact which is not properly raised at the motion to dismiss stage. Plaintiff has therefore sufficiently alleged that she is a consumer who owes a debt.

### B.   Whether Defendant Is a "Debt Collector"

Under the FDCPA, a "debt collector" is any person who attempts to collect a debt or "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity … concerns a debt which was not in default at the time it was obtained by such person." *Id.* § 1692a(6)(F). A mortgage servicer "obtains" a debt when it begins servicing that debt. *See Kilpakis v. JPMorgan Chase Fin. Co., LLC*, 229 F. Supp. 3d 133, 143 (E.D.N.Y. 2017). "[M]ortgage servicers are not 'debt collectors' as defined by the FDCPA if they obtained the

8

particular mortgage at issue before the mortgager defaulted." *Hoo-Chong v. Citimortgage, Inc.*, No. 15-CV-4051 (JS)(AKT), 2016 WL868814 at *3 (E.D.N.Y. Mar. 7, 2016).

Obtaining a mortgage that is merely delinquent is not sufficient to confer debt collector status, since "a delinquent loan is not necessarily in default." *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 302 (E.D.N.Y. Nov. 28, 2016). To state a claim under the FDCPA against a mortgage servicer, a plaintiff must allege facts to show that the particular mortgage servicer began servicing the plaintiff's particular debt after it was in default, not only after it became delinquent. *See id.*; *see also Kilpakis*, 229 F. Supp. 3d at 133.

The Complaint alleges that Defendant "regularly acquires and services delinquent mortgages," "services distressed (non-current) mortgages and seeks out the servicing of distressed mortgages," and "collects debts on loans." (Compl. ¶¶ 7-9, 12.) It does not allege that Defendant services *defaulted* mortgages. It also does not allege that Defendant began servicing Plaintiff's loan after it went into default. (*See* Def. Memo at 5-6.) *Cf. Zirogiannis*, 221 F. Supp. 3d at 302 (allegations that defendant services delinquent loans insufficient to support FDCPA claim). Plaintiff attaches a Declaration to her Opposition in which she states that Defendant began servicing her loan after it went into default in 2007. (Dkt. 13-4, ¶ 4-5.) However, for the reasons stated above, the Declaration is not properly before the Court on a motion to dismiss. Moreover, Plaintiff may not seek to amend the Complaint through submission of a Declaration. "[A]n opposition cannot be used to amend a complaint." *Trachtenberg v. Failedmessiah.com*, 43 F. Supp. 3d 198, 206 (E.D.N.Y. 2014).

Plaintiff's pleading thus fails to allege that Defendant is a "debt collector" under the FDCPA, and this deficiency forms a sufficient basis to grant the Motion.

### C. Acts or Omissions That Violate the FDCPA

The Complaint alleges that Defendant committed acts and omissions in violation of 15 U.S.C. §§ 1692e, 1692f, and 1692g.[4] (Compl. ¶¶ 45-50.)

To state a claim under Section 1692e of the FDCPA, the plaintiff must allege that a "debt collector" used "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. This includes collecting amounts not "expressly authorized by the agreement creating the debt or permitted by law." *Id.* § 1692f(1); *see also Hayles*, 782 F. App'x at 9.

Section 1692g of the FDCPA regulates "initial communications" with consumers. To state a claim under Section 1692g, a pleading must allege (1) an "'initial communication[]' within the meaning of § 1692g," (2) that the communication was "in connection with the collection of any debt, and (3)" that the debt collector failed to provide "the amount of the debt within five days of such a communication." *Hayles*, 782 F. App'x at 7 (internal quotations omitted). While "[t]he FDCPA does not offer a definition of 'initial communication'," because the term is unambiguous, it "carries its plain meaning." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 214 (2d Cir. 2017).

All three sections require that the conduct complained of constitute debt collection activity. Whether a communication constitutes debt collection activity "is a question of fact to be determined by reference to an objective standard." *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 225 (2d Cir. 2015). A court must determine whether a plaintiff "has plausibly alleged that a consumer receiving the communication could reasonably interpret it as being sent in connection with the collection of a

---

[4] The Complaint erroneously cites to "15 U.S.C. § 1692(e)," but that section merely states the purpose of the FDCPA. (See Compl. ¶ 47.) The citations to "15 U.S.C. § 1692(f)" and "15 U.S.C. § 1692(g)" are also in error because those sections do not exist.

10

debt, rather than inquiring into the sender's subjective purpose." *Id.* (internal quotations and alterations omitted). Courts construe the FDCPA "liberally to effectuate its stated purpose" and review collection attempts "from the perspective of the 'least sophisticated consumer.'" *Taubenfliegel v. EGS Financial Care, Inc.*, 764 F. App'x 76, 77 (2d Cir. 2019).

Plaintiff alleges that the Payoff Letter and the Mortgage Statement violated these three sections of the FDCPA, including that they constituted debt collection activity. (See Compl. ¶¶ 17, 31-32, 44-48).[5] These two communications will be analyzed in turn.

### 1. *The Payoff Letter*

Defendant argues that the Payoff Letter was sent at Plaintiff's request and therefore is not debt collection activity. (Def. Memo at 8-9.) Defendant's argument relies on evidence outside the Complaint and Exhibits, such as the Knowles Declaration and Servicing Notes, which are not properly considered in evaluating a motion to dismiss under Rule 12(b)(6), for the reasons discussed above at Section I.B. The undersigned also rejects Defendant's contention at oral argument that because Plaintiff did not deny the accuracy of the Servicing Notes, the Court should consider such extrinsic evidence in ruling on the Motion. (Tr. at 14.)

Nevertheless, there is a separate valid basis for granting the Motion as to the Payoff Letter. By failing to address any of Defendant's arguments concerning the Payoff Letter in her Opposition, Plaintiff has effectively abandoned that portion of her claims. She does not refute Defendant's argument either factually or legally. The Opposition focuses exclusively on the Mortgage Statement and does not mention the Payoff Letter at all. "[A] plaintiff's failure to respond to contentions raised in a motion to dismiss constitutes an abandonment of the applicable claims." *Bond v. City of*

---

[5] Paragraphs 44 through 48 of the Complaint refer to "Exhibits 2 and 4" as violating various provisions of these three sections. However, Exhibit 2 to the Complaint is the Note. The undersigned assumes that this is a typographical error and that Plaintiff meant to refer to Exhibits 1 and 4, which are the Mortgage Statement and Payoff Letter, respectively.

11

*New York*, No. 14-CV-2431 (RRM)(VVP), 2015 WL 5719706, at *8 (E.D.N.Y. Sept. 28, 2015) (quoting *McLeod v. Verizon New York,* 995 F. Supp. 2d 134, 143-44 (E.D.N.Y.2014) (gathering cases)); *see also Kennedy v. Mondelez Glob. LLC*, No. 19-CV-302 (ENV)(SJB), 2020 WL 4006197, at *1 n.1 (E.D.N.Y. July 10, 2020).

When asked at oral argument whether Plaintiff denied requesting the Payoff Letter, counsel for Plaintiff replied that he would have to ask his client. (Tr. at 23.) Plaintiff never requested leave to submit supplemental briefing on this issue.

Accordingly, because Plaintiff abandoned her claims regarding the Payoff Letter, the undersigned respectfully recommends that the Motion be granted as to any claims related to the Payoff Letter.

        2.      *The Mortgage Statement*

Defendant argues that the Mortgage Statement does not constitute debt collection activity because it is required by the Truth in Lending Act ("TILA"), 15 U.S.C. § 1638(f) and 12 C.F.R. § 1026.41, and "is identical in content and form to the standard monthly statement form developed by the CFPB," and thus cannot be the basis for liability under the FDCPA. (Def. Memo at 6, 7.)

The Second Circuit has found that monthly statements required by TILA "do not reflect attempts to collect on [] debt." *Hill v. DLJ Mortg. Capital, Inc.*, 689 F. App'x 97, 98 (2d Cir. 2017). A monthly billing statement can constitute a violation of the FDCPA if its language goes beyond what TILA requires. *See, e.g.*, *Evans et al. v. Select Portfolio Servicing, Inc. et al.*, No. 18-CV-5985 (PKC)(SMG), 2020 WL 5848619, at *9 (E.D.N.Y. Sept. 30, 2020) (monthly statement that stated "[t]his is an attempt to collect a debt" supported FDCPA claim); *Izmirligil v. Select Portfolio Servicing, Inc.*, No. 18-CV-7043 (PKC)(LB), 2020 WL 1941319, at *10 n.25 (E.D.N.Y. Apr. 22, 2020) (same). But where the language in a monthly statement mirrors the TILA regulations and conforms to additional guidance issued by the Consumer Financial Protection Bureau, it does not give rise to an FDCPA

violation. *See Hill v. DLJ Mortgage Cap., Inc.*, No. 15-CV-3083, 2016 WL 5818540, at *8-9 (E.D.N.Y. Oct. 5, 2016); *see also* 12 C.F.R. Pt. 1026, App. H-30(B).

Here, the Mortgage Statement conforms to TILA requirements. It does not contain any extra prohibited language that transforms a monthly statement into an attempt to collect a debt, such as announcing that it is an attempt to collect a debt, *compare Evans*, 2020 WL 5848619, at *9; *Izmirligil*, 2020 WL 1941319 at *10 n.25, nor does it refer to the FDCPA by name, *compare Hart*, 797 F.3d at 225. *See also Hill*, 689 Fed. App'x at 98 (TILA-compliant monthly statements that did not "contain any [] debt-demand language" were not attempts to collect a debt under the FDCPA).

Plaintiff argues that any false or misleading statements in monthly billing statements constitute prima facie violations of the FDCPA, even if made in TILA-compliant monthly statements. (Opposition at 6.) However, Plaintiff's argument incorrectly assumes that *any* false or misleading statement concerning a debt is sufficient to establish a violation under the FDCPA. Section 1692e of the FDCPA prohibits false or misleading statements only when made "in connection with the collection of any debt." Therefore, even if the Mortgage Statement contains false or misleading statements, those statements do not support an FDCPA claim when they do not constitute an attempt to collect a debt.

### 3. *Failure to Plead "Initial Communication"*

In order to state a violation of Section 1692g, the Complaint must allege that there is an initial communication. While alleging that the Payoff Letter and Mortgage Statement violate Section 1692g (Compl. ¶¶ 45, 48-50), Plaintiff does not plead that either is an initial communication, even in conclusory fashion. Accordingly, this insufficient pleading constitutes an additional basis for dismissing the Complaint.[6]

---

[6] Defendant also argues that this action is precluded because Plaintiff was required, but failed, to comply with the Mortgage's prior notice provision. (Def. Memo at 10-11.) However, Plaintiff brought suit under the

13

**III.     The Class Claim**

Because Plaintiff fails to state a claim under the FDCPA, her class claim must also be dismissed.  *See Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 52 n.7 (2d Cir. 2018), *cert. denied*, 139 S. Ct. 1282, 203 L. Ed. 2d 280 (2019) (*citing See Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).

**IV.     Amendment of the Complaint Would be Futile**

Plaintiff requests leave to amend her complaint to "correct any pleading deficiencies …" (Opposition at 9.)

Requests to amend the complaint are governed by Rule 15 of the Federal Rules of Civil Procedure, which states that "the court should freely give leave when justice so requires." *See Pinyuk v. CBE Grp., Inc.*, No. 17-CV-5753 (RRM)(CLP), 2019 WL 1900985, at *2 (E.D.N.Y. Apr. 29, 2019). The determination of whether to grant or deny leave to amend is within "the sound discretion of the district court." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).  Leave to amend may be denied for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.*  "A plaintiff need not be given leave to amend if it fails to specify … how amendment would cure the pleading deficiencies in its complaint." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

Plaintiff's statement in the Declaration suggests that she could plead facts to establish that Defendant is a debt collector.  (*See* Dkt. 13-4 ¶¶ 4-5.)  She might also be able to include an allegation that the Mortgage Statement and Payoff Letter were "initial communications."  However, Plaintiff abandoned her claims with respect to the Payoff Letter, and the Mortgage Statement cannot support an FDCPA claim as a matter of law.  No amendment can cure these deficiencies in the Complaint, and Plaintiff does not state what corrections she is proposing.

---

FDCPA, not under the Note or Mortgage. (Opposition at 8.)  Moreover, the Mortgage requires that Plaintiff give prior notice to the "Lender," and there is no allegation that Defendant is the "Lender" identified in the Mortgage. (Dkt. 1 at 22, 35).

14

Amending the Complaint would thus be futile, and the undersigned respectfully recommends that Plaintiff not be granted leave to amend.

## CONCLUSION

Based on the foregoing, the undersigned respectfully recommends that the Motion be granted and that the Complaint be dismissed in its entirety, with prejudice.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to timely file any such objection waives the right to appeal the District Court's Order.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:   Brooklyn, New York
         November 13, 2020