UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
TYRANA JONES, on behalf of herself and all :
others similarly situated, :
                                                                                  Plaintiff, : MEMORANDUM & ORDER
:
                                      -against- : 19-CV-1493 (ENV) (PK)
:
NEW PENN FINANCIAL, LLC, d/b/a :
SHELLPOINT MORTGAGE SERVICING, :
:
                                                                      Defendant. :
----------------------------------------------------------------- x

VITALIANO, D.J.

       On November 13, 2020, Magistrate Judge Peggy Kuo issued a Report and Recommendation ("R&R") in this Fair Debt Collection Practices Act ("FDCPA") action, recommending that defendant Shellpoint Mortgage Servicing's Rule 12(b)(6) motion to dismiss for failure to state a claim be granted, and that leave to amend the complaint be denied. *See* R&R, Dkt. 23. Plaintiff Tyrana Jones filed her objection to the R&R on November 27, 2020, in which she also requested leave to amend. Pl.'s Obj., Dkt. 24. Defendant replied on December 1, 2020. Def.'s Reply, Dkt. 25. After careful consideration, and for the reasons stated below, the objection is overruled and the R&R is adopted in its entirety as the opinion of the Court.

Background[1]

       Jones signed a mortgage and adjustable rate note on June 27, 2006 for a building at 172 Madison Street in Brooklyn. *Id.* at Ex. 2, 3. The initial loan principal was $623,000, and the

---

[1] Jones filed her complaint on March 15, 2019 on behalf of herself and a purported class of similarly situated individuals, claiming FDCPA violations. *See* Compl., Dkt 1. The facts are drawn from the complaint, taken as true and recounted in the light most favorable to plaintiff, with all reasonable inferences drawn in her favor, as they must be on a motion to dismiss. *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

1

note provides that it will never increase beyond 110% of that amount, or $685,300. *Id.* ¶¶ 20–21, Ex. 2 at 13. The building is described as a three-family unit, with the mortgage agreement admitting to rentals. *Id.* at Ex. 2 at 20, Ex. 3 at 40–43. Jones acknowledges that the debt was secured by her home. *Id.* ¶ 14. She made loan payments for around one year. *Id.* ¶ 16. The debt was later acquired by defendant Shellpoint Mortgage Servicing outright. *See id.* ¶ 14.

Jones received monthly mortgage statements from Shellpoint, including the February 1, 2019 statement at issue in this case. *Id.* ¶ 17, Ex. 1. It reports her balance due as $692,239.89, a total Jones claims cannot be correct under the terms of the note because it set the maximum at $685,300. *Id.* ¶¶ 19, 26. She contends the statement also overstated the taxes and interest then owed. *Id.* Around February 14, 2019, Shellpoint mailed Jones a "payoff letter," again listing the principal balance as $692,239.89, with interest of $355,025.06 and fees of $7,821.80—numbers Jones likewise contends are inaccurate. *Id.* ¶ 32, Ex. 4 at 53–55. Shellpoint counters that the payoff documents accurately reflect a 2007 loan modification. *See* Def.'s Mem., Dkt. 12-8, at 8, 11–12.

## Standard of Review

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This "plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotations omitted).

Upon referral of a motion to dismiss or any other dispositive motion, a magistrate judge is vested with the authority to hear the motion and recommend a disposition to the referring

district judge. Fed R Civ. P. 72(b)(1); *see* 28 U.S.C. § 636(b); *Williams v. Beemiller, Inc.*, 527 F.3d 259, 265 (2d Cir. 2008). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any objection, the district court need only be satisfied that there is no clear error on the face of the record. *Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d 279, 283 (E.D.N.Y. 2014). Should a party timely object to any portion of the proposed findings and recommendations, the district court must conduct a *de novo* review of those portions properly objected to. Fed. R. Civ. P. 72(b)(2)-(3).

## Discussion

Jones objects only to the R&R's recommendation that she be denied leave to amend her complaint. *See* Pl.'s Obj. The Court therefore reviews that part of the R&R *de novo*, and the rest for clear error.[2]

As might be expected, the R&R first examines whether Jones makes out a *prima facie* FDCPA claim, which requires her to show that 1) she is a consumer who owes a debt, 2) defendant is a debt collector and 3) defendant has violated FDCPA requirements. *Id.* at 6 (citing *Rivelli v. Pa. Higher Educ. Assistance Agency*, No. 18-cv-3322 (ADS) (GRB), 2019 WL 1473091, at *2 (E.D.N.Y. Apr. 3, 2019)). The R&R finds Jones sufficiently alleges she owes a consumer debt covered by the FDCPA, but fails to allege Shellpoint is a debt collector. *Id.* at 6–9. For a mortgage servicer to be a debt collector under the FDCPA, it must service loans that are in default, not merely delinquent. *Id.* at 9 (citing *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d

---

[2] Although the parties submitted sundry exhibits with their briefing, the R&R recommends considering only those attached to the complaint, finding consideration of the others to be improper on a Rule 12(b)(6) motion to dismiss. *See* R&R at 4–6 (citing *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 180 (2d Cir. 2014)).

292, 302 (E.D.N.Y. Nov. 28, 2016), *aff'd*, 707 F. App'x 724 (2d Cir. 2017)).  With these outcome-determinative guideposts, Magistrate Judge Kuo found, critically, that the complaint does not allege Shellpoint services defaulted loans, nor that Jones's own loan was in default when Shellpoint began servicing it.[3]  *Id.*

Next, the R&R finds Jones does not, and cannot, plausibly allege that Shellpoint's February 2019 mortgage statement and payoff letter violated FDCPA sections 15 U.S.C. §§ 1692e, 1692f or 1692g.  *Id.* at 9–13.  The R&R finds that Jones abandoned her claims as to the payoff letter, as she did not address them in her briefing, and that the mortgage statement was not debt collection activity covered by the FDCPA.  *Id.* at 11–12.  Instead, the R&R finds that the mortgage statement was a periodic notice required by the Truth in Lending Act (TILA), using the standard form developed by the Consumer Finance Protection Bureau.  *Id.* at 12–13 (citing *Hill v. DLJ Mortg. Capital, Inc.*, 689 F. App'x 97, 98 (2d Cir. 2017)).  As a consequence of these failures, then, even if the statement contained incorrect information, which other mortgage documentation properly of record rebuts, it still cannot give rise to an FDCPA violation.  Furthermore, Jones fails to plead violations of 15 U.S.C. § 1692g because that provision covers only initial communications, and she does not allege the mortgage statement or payoff letter is an initial communication.  *Id.* at 13.  Obviously, given that Jones's FDCPA claims fail, her class claims must, as the R&R concludes, fail too.  *Id.* at 14.

As Jones did not object to the foregoing parts of the R&R, the Court reviews them only for clear error and, finding none, adopts them as the opinion of the Court.  But, there is more.  As

---

[3] The complaint does, in fact, allege Shellpoint uses mail and phone calls to "collect on consumer mortgages that are in default when Shellpoint is first involved." Compl. ¶ 6. Jones's claim still fails, though, because she does not allege *her* loan was in default when Shellpoint began servicing it. *See Zirogiannis*, 221 F. Supp. 3d at 302–03. Nor will other facts already alleged allow her to do so in an amended pleading.

4

noted at the beginning, Jones does object to the R&R's final recommendation: denying leave to amend the complaint. *See* Pl.'s Obj. Magistrate Judge Kuo found amendment would be futile because, although Jones could plead facts showing Shellpoint is a debt collector and, perhaps, that the documents at issue were initial communications, she cannot plead that the sending of the mortgage statement to her was debt collection activity. R&R at 14–15.

Jones presses on that Shellpoint is a debt collector and the documents at issue were initial communications, and argues any deficiency in her pleadings on these points was a technicality, such that recommending dismissal with prejudice was clearly erroneous. Pl.'s Obj. at 1–4.[4] As the R&R correctly observes, however, these are not the deficiencies that make amendment futile. The problem, rather, is that Jones cannot as a matter of law plead that the documents at issue constitute debt collection activity, as is required for her FDCPA claims.

In this main-event battle, the parties squared off on whether defendant's mortgage statement could give rise to the claimed FDCPA violations. Jones contends the R&R misapplies *Hill*, the mortgage statement is debt collection activity and its inaccurate reporting of her debt is an FDCPA violation. *Id.* at 4 (citing *Hill*, 689 F. App'x at 98). Shellpoint asserts that the R&R correctly applies *Hill* in finding that this TILA-required monthly mortgage statement was not debt collection activity. Def.'s Reply at 4–6 (citing *Hill*, 689 F. App'x at 98).

Upon *de novo* review, the Court finds the mortgage statement is not debt collection activity under FDCPA and thus adopts the R&R's recommendation that leave to amend the

---

[4] Jones also contends Magistrate Judge Kuo should have taken judicial notice of a settlement agreement in another FDCPA case in this district, attached to Jones's opposition papers, which she says shows Shellpoint is a debt collector. *See* Pl.'s Obj. at 1–3; Dkt. 13-1. *Cf.* R&R at 5. She re-attaches that agreement to her objection. Dkt. 24-1. It was certainly well within Magistrate Judge Kuo's discretion to decline to take judicial notice of a document that was essentially immaterial.

5

complaint be denied. Although leave to amend should be freely granted when justice requires, this determination is within the Court's discretion, and denial is proper if amendment would be futile. *See* Fed. R. Civ. P. 15(a); *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Magistrate Judge Kuo and Shellpoint correctly apply *Hill*, which dispositively establishes the futility of amendment.

The parallels to controlling precedent are striking. The plaintiff in *Hill* similarly based her FDCPA claim on "monthly statements sent to her by [the defendant mortgage servicer] regarding the total amount owing under her Note . . . in compliance with the Truth in Lending Act," which lacked any debt-demand language. *Hill*, 689 F. App'x at 98. The Second Circuit affirmed the district court's finding that these required monthly statements "d[id] not reflect attempts to collect on the debt evidenced by the Note" and that plaintiff therefore "fail[ed] to state a plausible claim for relief under the FDCPA," resulting in dismissal with prejudice. *Id.* Conversely, a monthly statement sent under TILA can give rise to FDCPA liability if it adds "explicit debt collection language," such as "[t]his is an attempt to collect a debt." *See, e.g.*, *Evans et al. v. Select Portfolio Servicing, Inc. et al.*, No. 18-cv-5985 (PKC) (SMG), 2020 WL 5848619, at *9 (E.D.N.Y. Sept. 30, 2020). That language is absent here.

In sum, Jones takes issue with a mortgage statement that is required by TILA, uses regulators' standard-form language and is free of debt-demand language or other added text that could incur FDCPA liability. *See* Compl., Ex 1. As in *Hill*, this statement does not constitute debt collection activity as a matter of law. Because no amendment to the complaint could change this fact and salvage Jones's FDCPA claims, the Court adopts, therefore, the R&R in full and denies leave to amend.

Conclusion

For the foregoing reasons, in accord with the applicable standards of review, the Court finds Magistrate Judge Kuo's R&R to be correct, well-reasoned and free of clear error. The Court, therefore, adopts it in its entirety as the opinion of the Court. Defendant's Rule 12(b)(6) motion to dismiss is, therefore, granted, and plaintiff's claims are dismissed with prejudice.

The Clerk is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
 January 15, 2021

/s/ Eric N. Vitaliano
ERIC N. VITALIANO
United States District Judge